**UNITED STATES DISTRICT COURT**
**MIDDLE DISTRICT OF FLORIDA**
**JACKSONVILLE DIVISION**

HUNG H. NGUYEN,

     Plaintiff,

vs.                                                           CASE NO. 3:11-cv-536-J-37TEM

UNITED STATES OF AMERICA,

     Defendant.

_____/

## O R D E R

This matter is before the Court on Plaintiff Hung H. Nguyen's ("Plaintiff") Motion to Quash Internal Revenue Service ("IRS") Summonses (Doc. #1), Motion to Dismiss Defendant's Response/Counter-Petition (Doc. #5), and Motion to Compel Discovery (Doc. #8).  Defendant, the Internal Revenue Service ("IRS"), opposes all three motions (Docs. #3, #6, and #9).  A motion hearing was held before the undersigned on June 27, 2011 (Doc. #13, Minutes).  At the hearing, the undersigned requested that the parties file supplemental briefs (Doc. #13).  Such briefs were subsequently filed (Docs. #14 and #15).

For the reasons stated herein, the Motion to Quash IRS Summonses (Doc. #1) will be **HELD IN ABEYANCE**, the Motion to Dismiss Defendant's Response/Counter-Petition (Doc. #5) will be **DENIED**, and the Motion to Compel Discovery (Doc. #8) will be **DENIED, in part**.

### I.  Background

On January 25, 2011, the IRS issued summonses to Bank of America and VyStar Credit Union to appear before an IRS agent in connection with a criminal investigation into possible violations of the Internal Revenue Code ("IRC") (Doc. #1 at 2).  On January 27,

2011, the IRS issued summonses to I-Tech Personnel Services, Inc., and Hung Thao Nails

So Happy, Inc., in connection with the same investigation (Doc. #1 at 2-3).  The four (4)

summonses, *supra*, required the parties to appear before the IRS agent in order  to give

testimony and produce categories of documents listed in the summonses for tax years

2006 through 2010 (Doc. #1 at 2-3; *see also* Docs. #3-2 and #3-3).[1]

On January 27, 2011, IRS agents approached Plaintiff and handed him copies of the

summonses for Bank of America, VyStar Credit Union, and Hung Thao Nails So Happy,

Inc. (Doc. #3 at 3).   Agents then mailed Plaintiff a copy of the summons for I-Tech

Personnel Services, Inc., the following day, January 28, 2011 (Doc. #3 at 3).

On February 10, 2011, Plaintiff filed the instant Motion to Quash IRS Summonses

(Doc. #1).  On March 18, 2011, Defendant filed its response in opposition to the motion,

which included a counter-petition to enforce the summonses at issue (Doc. #3).  On April

1, 2011, Plaintiff moved to "dismiss" the response, claiming the response fails to comply

with the Federal Rules of Civil Procedure (Doc. #5).  On April 15, 2011, Defendant filed its

response in opposition (Doc. #6).  On May 6, 2011, Plaintiff moved to compel discovery

(Doc. #8), which Defendant opposed on May 23, 2011 (Doc. #9).

Plaintiff alleges four (4) summonses issued by the IRS should be quashed (Doc. #1

at 1).  The IRS states the summonses were issued pursuant to a criminal investigation of

Plaintiff with respect to possible violations of the Internal Revenue Code ("IRC"), including

26 U.S.C. §§ 7201 and 7206 for the tax years 2007 through 2009 (Doc. #3 at 1).  Plaintiff

---

[1] The summonses issued to Bank of America and VyStar Credit Union required compliance by February 18, 2011 (Doc. #3-2).  The summonses issued to I-Tech Personnel Services, Inc., and Hung Thao Nails So Happy, Inc., required compliance by February 22, 2011 (Doc. #3-3).

filed the instant matter contesting the legitimacy of the summonses and alleges the IRS violated its regulations during the course of its investigation by not following administrative procedures (Doc. #1 at 5).

Specifically, Plaintiff alleges IRS agents contacted and interrogated parties named in the summonses and obtained documents requested therein without giving notice to Plaintiff, and did so prior to the expiration of the twenty-three (23) day period provided in the summonses (Doc. #1 at 5).  Plaintiff contends this conduct violates 26 U.S.C. §§ 7602(c)(1) and 7609(d)(1) (Doc. #1 at 5).  Plaintiff also alleges the IRS agents lacked a proper basis for conducting the investigation, and that their inquiries exceed the scope of the criminal investigation (Doc. #1 at 6-7).

In support, Plaintiff claims that, on or about January 27, 2011, the IRS agents approached Marco H. Tran ("Tran"), an employee of I-Tech Personnel, Inc., which provides tax services to Plaintiff (Doc. #1 at 4).  Plaintiff alleges the agents extensively questioned Tran and obtained all documents related to Plaintiff, as listed in the summons, in violation of 26 U.S.C. § 7602(c)(1) (Doc. #1 at 5).  Plaintiff additionally maintains that the IRS already possessed much of what it requested by way of the summonses (Doc. #1 at 6).

The IRS seeks to enforce only the summonses issued to Bank of America and Hung Thao Nails So Happy, Inc., as I-Tech Personnel Services, Inc., and VyStar Credit Union have already complied (Doc. #2 at 3).[2]

---

[2] The government maintains that it has sequestered the documents received by I-Tech Personnel Services, Inc., and VyStar Credit Union pending the Court's ruling on the instant motions (Doc. #3 at 3 n.1).

## II.  Discussion

### A.      Motion to Quash IRS Summonses

To enforce a summons the IRS must make a *prima facie* showing that: (1) the investigation will be conducted pursuant to a legitimate purpose; (2) the inquiry may be relevant to the purpose; (3) the information sought is not already within the Commissioner's possession; and (4) the administrative steps required by the IRC have been followed.  *Nero Trading, LLC v. United States of America*, 570 F.3d 1244, 1248 (11ᵗʰ Cir. 2009) (*citation omitted*).  The IRS "may satisfy its minimal burden by presenting the sworn affidavit of the agent who issued the summons attesting to these facts."  *Id.*  The burden then shifts to the party contesting the summons.  *Id.*  Plaintiff's "allegation of improper purpose is sufficient to trigger a limited adversary hearing where the taxpayer may question IRS officials concerning the [IRS]'s reasons for issuing the summons."  *Id.*

Here, the agent's affidavit in support of the *prima facie* showing is attached to Defendant's response to the Motion to Quash (*see* Doc. #3-1).  The burden now shift's to Plaintiff to disprove the government's assertion(s) contained therein.  *Nero Trading, LLC*, 570 F.3d at 1248.  As Plaintiff claims, *inter alia*, an improper purpose for the investigation, and that the IRS failed to follow its own administrative procedures with respect to the summonses (Doc. #1 at 6-7), the undersigned finds a limited adversary proceeding is appropriate in this instance.  Based on the foregoing, the Motion to Quash (Doc. #1) will be held in abeyance pending the outcome of the adversary hearing.[3]

---

[3] The undersigned will schedule a limited adversary hearing forthwith.

**B.      Plaintiff's Motion to Dismiss Defendant's Response/Counter-Petition**

Plaintiff argues that the United States' Response in Opposition to Petition to Quash Summonses and Counter-Petition to Enforce Summonses is insufficient and should be "dismissed" (Doc. #5).  According to Plaintiff, the United States was obligated to file either an answer or a motion for judgment on the pleadings pursuant to Rule 12 of the Federal Rules of Civil Procedure (Doc. #5 at 3-14).  Short of the aforementioned, Plaintiff argues, by function of Rule 8(d) of the Federal Rules of Civil Procedure, any facts which the government has specifically failed to deny should be deemed admitted.

Petitioners have made similar arguments in other cases without success. *See, e.g. Sugarload Funding, LLC v. U.S. Dept. of the Treasury*, 584 F.3d 340, 350 (1st Cir. 2009) (finding petition to enforce IRS subpoena sufficiently responded to the petition to quash); *Zugerese Trading, LLC v. I.R.S.*, 336 Fed. Appx. 416, 419 (5th Cir. 2009) ("the IRS sufficiently responded to the petition to quash the summons with a motion to enforce the summons"); *Good Karma Trading, LLC v. U.S. Dept. Of Treasury*, 2008 WL 4879164 (D. Colo. 2008) (finding no error in the magistrate judge's treatment of the government's motion to enforce the subpoena as a proper response to the petition to quash).

Accordingly, Plaintiff's Motion to Motion to Dismiss Defendant's Response/Counter-Petition (Doc. #5), based on the argument that the document is insufficient under the Rules, will be denied.  As noted above, however, the undersigned will permit Plaintiff an opportunity to question IRS officials concerning the summonses.

### C.      Plaintiff's Motion to Compel Discovery

Plaintiff maintains he is entitled to pretrial discovery.  On February 10, 2011, Plaintiff served requests for production of documents upon the government (*see* Doc. #8-1).  The requests seek a panoply of documents (*see* Doc. #8 at 3-13).  The government has objected to the requests (*see* Doc. #8 at 3-13).

The Eleventh Circuit has stated that "[d]epositions, interrogatories, and the rest of the panoply of expensive and time-consuming pretrial discovery devices may *not* be resorted to as a matter of course and on a mere allegation of improper purpose."  *Nero Trading, LLC*, 570 F.3d at 1249 (*internal citations omitted*; *emphasis in original*).  The Eleventh Circuit did state, however, that a taxpayer "is entitled to the initial, basic discovery *provided by an adversary hearing.*"  *Id.* at 1250 (*emphasis added*).  Therefore, Plaintiff's motion to compel discovery will be denied.  Plaintiff, however, will have an opportunity to question IRS officials concerning the reason(s) for issuing the summonses.

### III.  Conclusion

Based on the foregoing, it is hereby **ORDERED**:

1.      Plaintiff's Motion to Quash Internal Revenue Service Summonses (Doc. #1) is **HELD IN ABEYANCE** pending the outcome of the adversary hearing, which will be scheduled forthwith.

2.      Plaintiff's Motion to Dismiss Defendant's Response/Counter-Petition (Doc. #5) is **DENIED**.

3.      Plaintiff's Motion to Compel Discovery (Doc. #8) is **DENIED, in part**, as provided herein.

**DONE AND ORDERED** at Jacksonville, Florida this 15th day of July, 2011.

Copies to all counsel of record

THOMAS E. MORRIS
United States Magistrate Judge